# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| PHILLIP THOMAS | CIVIL ACTION NO. 22-5867 |
| VERSUS | JUDGE DONALD E. WALTER |
| BIENVILLE PARISH SCHOOL BOARD | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to dismiss for failure to state a claim, filed by Defendant, Bienville Parish School Board (the "School Board"). See Record Document 5. Plaintiff Phillip Thomas ("Thomas") opposes the motion. For the reasons assigned below, the School Board's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

In 2020, in the midst of the COVID-19 pandemic, Thomas was employed by the School Board as a teacher. See Record Document 1 at 1. Apparently, Thomas suffers from health problems which put him at an increased risk for contracting COVID-19 and as such, Thomas requested to work from home during this time. See id. Thomas claims that as part of his request, he provided the School Board with notes from his physician recommending that he work from home. See id.; see also Record Document 1-2 at 5. However, the School Board ultimately denied Thomas's request to work from home, stating:

> Financially [the School Board] cannot afford to pay teachers to teach from home and pay for a sub to be in the classrooms monitoring the students that have chosen to attend face to face. To be fair to all employees [the School Board] can't just select certain ones to teach from home, therefore [the School Board chooses] to not let any.

Record Document 1 at 1.  Thomas alleges that he "initiated numerous unsuccessful attempts to come to a solution" and that he discovered that the School Board had created a virtual platform for students who wished to attend school remotely, but that he was not contacted about whether teaching through the virtual academy was an option for him.  See id. at 1-2.  Eventually, Thomas filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and ultimately, "[d]ue to lack of cooperation and repeated loss of income [, Thomas] felt forced to resign from [the School Board] in March 2022.  Id. at 1.

On November 3, 2022, after receiving a Notice of the Right to Sue as to his ADAAA claim, Thomas filed suit in this Court, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and the Americans with Disabilities Act Amendments Act of 2008 (the "ADAAA"), 42 U.S.C. § 12101 et seq.  See id.  On February 2, 2023, the School Board filed the instant motion to dismiss, arguing that Thomas fails to state a claim for relief under either statute.  See Record Document 5.

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) is appropriate when the plaintiff fails to state a legally cognizable claim.  See Fed. R. Civ. P. 12(b)(6).  The moving party has the burden under a Rule 12(b)(6) motion to dismiss.  See Philips N. Am., LLC v. Image Tech. Consulting, LLC, 22-CV-0147, 2022 WL 17168372, at *7 (N.D. Tex. Nov. 21, 2022).  In considering a Rule 12(b)(6) motion to dismiss, the district court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff[]."  Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal citations omitted).

Motions to dismiss are disfavored and are rarely granted. See Tanglewood E. Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988). Importantly, in considering a complaint by a pro se plaintiff, the court should keep in mind that "[p]ro se pleadings are to be held 'to a less stringent standard[] than formal pleadings drafted by lawyers.'" Rios v. Grifols Biomat, USA, 18-CV-814, 2019 WL 4454505, at *2 (M.D. La. Aug. 29, 2019) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972)).

## ANALYSIS

A. Thomas's Claim Under Title VII

It is well settled that a plaintiff must exhaust available administrative remedies before bringing a Title VII claim in federal court. See Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). Thomas's EEOC complaint shows that he did not raise a Title VII claim, nor did he allege facts to support such a claim and, thus, Thomas failed to exhaust his Title VII claim.[1] See Ellzey v. Cath. Charities Archdiocese of New Orleans, 833 F.Supp.2d 595, 601-02 (E.D. La. 2011) ("Several courts in the Fifth Circuit have held that a plaintiff fails to exhaust his/her administrative remedies as to a particular claim if his charge does not contain the claim or make allegations giving rise to the claim."). Accordingly, the School Board's motion to dismiss

---

[1] Notably, the only indication that Thomas may have intended to bring a Title VII claim is that he filed his pro se Complaint on a Court-supplied form entitled "COMPLAINT UNDER . . . THE CIVIL RIGHTS ACT OF 1964," which includes instructions for filing a lawsuit under Title VII. See Record Document 1. However, Thomas's Complaint does not allege facts that implicate Title VII, nor does he argue in his opposition brief that his (possible) Title VII claim should not be dismissed. Thus, the Court doubts that Thomas ever intended to bring a Title VII claim.

3

as to Thomas's Title VII claim is **GRANTED** and this claim is **DISMISSED WITH PREJUDICE**.[2]

B. Thomas's Claim Under the ADAAA

The ADAAA prohibits discrimination against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Discrimination includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). Thus, to state a failure to accommodate claim, the plaintiff must plead facts which show that (1) he is a qualified individual with a disability; (2) his employer knew of his disability and its consequences; and (3) his employer failed to make reasonable accommodations for such known limitations.[3] See Thompson v. Microsoft Corp., 2 F.4th 460, 467 (5th Cir. 2021) (quoting Moss v. Harris Cty. Constable Precinct One, 851 F.3d 413, 417 (5th Cir. 2017)). Under the ADAAA, a "qualified person" is someone who, with or without reasonable accommodation, can perform the essential job functions of the position that he holds or seeks. See Bright v. Martin, No. 20-CV-3232, 2022 WL 16712874, at *3 (E.D. La. Nov. 5, 2022) (citing 42 U.S.C. § 12111(8)).

---

[2] "While failure to exhaust administrative remedies usually results in a dismissal without prejudice, . . . when exhaustion is no longer possible, dismissal may be with prejudice." Dawson Farms, LLC v. Farm Serv. Agency, 504 F.3d 592, 607 (5th Cir. 2007). In this case, it is too late for Thomas to exhaust his administrative remedies as to his Title VII claim and none of the circumstances that warrant tolling appear to apply in this case. Thus, dismissal with prejudice is warranted.

[3] A threshold requirement for a claim under the ADAAA is, of course, that the employer must be covered by the ADAAA. Bennett v. Dall. Indep. Sch. Dist., 936 F.Supp.2d 767, 781 (N.D. Tex. 2013). However, "the School Board does not dispute that it is an entity covered by the statute," and, thus, the Court does not independently address this issue. Record Document 5-1 at 4.

Here, Thomas he has plausibly alleged facts which suggest that the School Board may be liable under the ADAAA for failure to accommodate. As to the first element, the School Board concedes in its reply brief that Thomas likely suffers from a disability. Moreover, Thomas notes in his Complaint that during COVID-19, the School Board created a virtual academy for students who chose to attend school remotely and that the School Board utilized teachers to teach on this platform. Thomas suggests that teaching through this platform would have allowed him to perform his duties and, thus, pleads facts that suggest that he is a qualified person. Second, Thomas explicitly alleges in his Complaint that he provided the School Board with notes from his physician recommending that he work from home, and in his EEOC complaint, explained that he "provided physician statements for diabetes and immune suppressed condition due to medication for ankylosing spondylitis stating that [he was] to work from home."[4] Record Document 1-2 at 5. Finally, it is undisputed that the School Board did not provide Thomas with an accommodation and based on the facts Thomas pled in his Complaint, teaching through the virtual academy may have been a reasonable accommodation.[5] While the Court acknowledges that it is not privy to the exact structure of the virtual academy, Thomas has provided facts that suggest that he may have been able to transition to remote teaching while performing the essential job functions of a teacher. See Feist v. La. Dep't of Justice, Off. of the Att'y Gen., 730 F.3d 450, 453 (5th Cir. 2013) ("[A]

---

[4] "[A] court may take judicial note of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion." Prewitt v. Cont'l Auto., 927 F.Supp.2d 435, 447 (W.D. Tex. 2013) (collecting cases).

[5] Certainly, the Court is not aware of the exact structure of this virtual academy and it very well may be that it did not constitute a reasonable accommodation and/or allow Thomas to be classified as a qualified person. Thomas's allegations are enough, however, to survive the motion to dismiss stage.

modification that enables an individual to perform the essential functions of a position is . . . one of the three categories of reasonable accommodation.") (internal footnote omitted).

Considering Thomas's Complaint as a whole, he has plausibly alleged facts which suggest that the School Board may be liable for failure to accommodate under the ADAAA. At the motion to dismiss stage, the Court's duty is to "determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014) (internal quotations and citations omitted). While Thomas may not ultimately prevail on his claim, he has alleged enough factual content to nudge his claim "across the line from conceivable to plausible," particularly given the lighter burden that is placed on pro se pleadings. Iqbal, 556 U.S. at 680, 129 S.Ct. at 1950-51 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974) (internal quotations omitted); see also Haines, 404 U.S. at 520, 92 S.Ct. at 596. Accordingly, the School Board's motion to dismiss as to Thomas's ADAAA claim is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the School Board's motion to dismiss (Record Document 5) is hereby **GRANTED IN PART** and **DENIED IN PART.** The School Board's motion is **GRANTED** as to Thomas's Title VII claim. This claim shall be **DISMISSED WITH PREJUDICE**. The School Board's motion is **DENIED** as to Thomas's ADAAA claim.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 8th day of May, 2023.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE